IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01452-CBS

FRED F. FRANZONE,

    Plaintiff,

v.

STATE OF COLORADO,
GOVERNOR OWENS, et al., Denver, CO,
WARDEN MILYARD, S.C. Fac., Sterling, CO,
LT. BRIAN WHITNEY, S.C. Fac., Sterling, CO,
LT. VIDANA, S.C. Fac. Kitchen, Sterling, CO,
DR. FORTUNATO, S.C.F. Head of Medical Unit, Sterling, CO,
LT. LUECK, S.C.F. Ex Case Mgr.,
MR. ALLEN STANLEY, Chairman of Colorado Parole Board, Pueble, CO, 81003,
LT. BASINGER, Arrowhead C.C., Ex Case Mgr., Cañon City, CO.,
SGT. HARRIS, Arrowhead C.C., Cañon City, CO.,
C/O HARDING, Arrowhead C.C., Cañon City, CO., Unit #C,
LT. SCRUGGS, Crowley C.F., Crowley CO, Ex-Case Mgr.,
PHYSICIAN PRACTITIONER MR. LAURANCE, Crowley C.F., Colo.,
DR. BERLIN, Colorado Wester M.H., Grand Junction, CO, 80501,
EX-PAROLE OFFICER HOWARD PRICE, Parole Officer, Grand Junction, CO,
RICHARD L. CLINEFIELTER, D.R.D.C. Manager, Denver, CO,
C/O WALTER, S.C.F.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP - 6 2006

GREGORY C. LANGHAM
CLERK

## ORDER

Plaintiff Fred F. Franzone initiated this action while he was a prisoner in the custody of the Colorado Department of Corrections by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983. It appears that Mr. Franzone has been released from prison. The court must construe the complaint liberally because Mr. Franzone is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Franzone will be ordered to file an amended complaint.

The court has reviewed Mr. Franzone's complaint and finds that the complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Franzone alleges that he is asserting claims pursuant to 42 U.S.C. § 1983. However, he fails to set forth a short and plain statement of those claims showing that he is entitled to relief. It is not clear what specific claims for relief Mr. Franzone is

asserting or what specific actions of the Defendants allegedly violated his constitutional rights. Furthermore, the allegations in the complaint are not simple, concise, and direct. Therefore, Mr. Franzone will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. Mr. Franzone is reminded that it is his responsibility to present his claims in a manageable format that allows the court and the Defendants to know what claims are being asserted and to be able to respond to those claims.

Mr. Franzone also is advised that he must allege specific facts in his amended complaint that demonstrate how each named Defendant personally participated in the asserted constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Franzone must show that each Defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Franzone also must clarify in his amended complaint how he has exhausted administrative remedies for each asserted claim. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Franzone must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. It is not sufficient to allege simply that grievances were not answered without specifying when those grievances were filed, what issues were raised, and whether the grievance procedure was completed by moving on to the next step when the time for a response had passed. Section 1997e(a) also imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Franzone has not exhausted administrative remedies for each of his claims, the entire action must be dismissed. Accordingly, it is

ORDERED that Mr. Franzone file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Franzone, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Franzone fails to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction

within the time allowed, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 5th day of September, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
CRAIG B. SHAFFER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01452-BNB

Mr. Fred F. Franzone
Prisoner No. 96944
241 N. 4th Street
General Delivery
Grand Junction, CO 81501

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 9/6/06

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk